# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

**JANE A. BROWN**

    **Plaintiff,**

v.                                          No.
                                              Jury Demand

**G & L MANUFACTURING, INC.**

    **Defendant.**

## COMPLAINT

Comes the plaintiff, Jane A. Brown, by and through counsel, and would show the court as follows:

### PARTIES

1. Plaintiff, Jane A. Brown, is a citizen and resident of the State of Tennessee and resides within the confines of the jurisdiction of this court. Plaintiff is 54 years old and a female.

2. Defendant, G & L Manufacturing, Incorporated is a Tennessee Corporation formed in Putnam County, Tennessee. The principle office is 1975 Fisk Rd., Cookeville, TN 38506. The registered agent for service of process is Phillip E. Jones, 1975 Fisk Road, Cookeville, TN 38506-5009.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq, and the anti-retaliation provision therein, 42 U.S.C. § 2000e–3(a), the Age Discrimination in Employment Act (ADEA), The Tennessee Human Rights Act, T.C.A. 4-21-101 et seq, The Tennessee Public Protection Act (TPPA), T.C.A. § 50-1-304 and common law retaliatory discharge, fraud, misrepresentation and deceit under the common law of the State of Tennessee.

4. Venue is proper in that the acts complained of occurred within the jurisdiction of this court.

## FACTS

5. When the plaintiff began working for the defendant in October 2009, she held a Bachelor of Science degree in accounting and had 28 years experience working in manufacturing accounting. She had worked as a Corporate Controller and had substantial supervisory experience.

6. Upon being hired, Plaintiff entered into a verbal commitment with the owner, Phillip Jones **[hereinafter "Jones"]** that she would be promoted to Assistant Controller within six months and then when the current Controller, Gary Lucius, left in the near future she would be made Controller.

7. Based upon the above commitment, plaintiff accepted a yearly salary ($40,000.00) which was substantially less than the market salary for said position of approximately $70,000.00 in the area, and due to the company's distressed financial condition.

8. In January 2010, plaintiff was given the entire job duties of the former Controller, Gary Lucius, as well as being required to perform the billing for the company. With these additional duties she was given only nominal pay increases.

9. Although plaintiff had been promised the Controller position, defendant reneged in the employment agreement citing the imperatives of her being a CPA though he was well-aware of her Controller experience at a CPA level.

10. In October 2010 defendant hired a male applicant who is outside the protected status, by the name of Chris Breary for the Controller position who had little or no accounting experience or other essential Controller-type background. He was given $80,000 per year salary plus other substantial monetary benefits.

11. Immediately after the Breary hiring, plaintiff was instructed to train him for the position of Controller. It immediately became aware to plaintiff that Breary had little or no experience in this position and that she had been passed over for the position due to her gender (female) because her qualifications were far superior to that of Breary.

12. Plaintiff confronted and inquired of the defendant for specific reasons as to why she wasn't promoted to the position of Controller. The defendant responded that she doesn't have the "required experience and education for the position" notwithstanding the fact that defendant had given her the

responsibility to train a male for the exact job that "she did not have the required experience in." Plaintiff avers that the alleged basis was pretextual and discriminatory.

13. In March 2011, Mr. Breary was given a profit sharing bonus of $17,000 after three months on the job. Plaintiff was denied any bonus even though all other company employees received them.

14. Plaintiff filed an age and sex discrimination charges on March 16, 2011, which prompted defendant to retaliate against her and encourage her voluntary resignation.

15. As a result of the above treatment, plaintiff filed an age and sex discrimination charge on March 16, 2011 with the EEOC. After the defendant was made aware of this Charge, plaintiff was retaliated against in the following manner. *Inter alia*, defendant:

    a. Put trumped-up negative documentation in her file in an attempt to have her quit. Specifically, the negative documentation/trumped up charges included: plaintiff being falsely accused of filing an audit report late; being falsely accused of providing erroneous "financials" and audits; being falsely accused of allowing a bank fee to be charged twice; being falsely blamed for a late payment on a credit card; and, finally falsely accused of costing the company a lot of money.

    b. Embarrassed and ridiculed Plaintiff in front of other employees as follows: Ridiculed for the way she walked in the hall; yelling at her for not working overtime; yelling at her for moving her bangs out of her eyes; being told she was not good enough to be a Controller; questioning employees about what plaintiff talked to them about; telling an employee that was coming to plaintiff with a question to leave her (plaintiff) alone; giving plaintiff a disciplinary write up in front of two persons that did not know her; being sent to another job that entailed labeling and lifting boxes; having her supervisor, Jones, walk around her in the hallway so as to avoid her in front of others; and being intentionally left out of meetings.

16. On September 30, 2011, plaintiff was terminated for allegedly failing to perform her job requirements and some equivocal allegation of having a negative input upon the defendant's operations, all of which was contrived and falsely made. Plaintiff avers that said allegations were deceitful and made in bad faith and are grounds for punitive damages.

17. Plaintiff would aver that the reasons for her firing were concocted, blatantly false and amount to fraud, deceit and misrepresentation. Plaintiff's ability to secure employment as a result of the defendant's false and fraudulent reasons have had an adverse effect on the plaintiff obtaining future employment.

18. Based upon the aforementioned facts, Plaintiff alleges that she was denied promotions, denied benefits which male employees received because of her age, 54 and her sex, female. Plaintiff alleges she was retaliated against for filing an EEOC complaint on March 16, 2011 alleging, *inter alia*, (1) she was removed from her position of Financial and Accounting manager; and, (2) she was located out of the accounting office and any access to the files.

19. As a result of the above discriminatory and retaliatory acts of the defendant, plaintiff has suffered both emotional and physical distress.

20. The actions of the defendant also amount to outrageous conduct in that the plaintiff has suffered severe mental insult and injury. The acts of defendant as set forth above were malicious, intentional and in reckless

disregard of plaintiff's rights under the law thus merit an award of punitive damages.

**WHEREFORE, premises considered, plaintiff prays as follows:**

1. That the defendant be served with a copy of this Summons and Complaint and be required to respond within the time prescribed by law.

2. That the plaintiff be awarded compensatory damages which include back pay consisting of wages, salary and fringe benefits the plaintiff could have earned during the period of discrimination, damages for pain and suffering, emotional distress, humiliation, and injury to professional reputation in an amount of $3,000,000.00.

3. That the plaintiff be awarded reasonable attorney's fees

4. That plaintiff be awarded liquidated damages pursuant to the ADEA, 29 U.S.C. § 626(b), equal to the pecuniary losses plaintiff suffered for willful violations.

5. That the plaintiff be awarded Front pay.

6. That the plaintiff be awarded punitive damages in the amount of $3,000,000.00.

7. That a jury be empanelled to hear this case.

Respectfully submitted,

s/James L. Harris No. 014173
s/Robert J. Shockey No. 2092
Attorney at Law
2400 Crestmoor Road
Nashville, Tennessee 37215
Phone 615-260-3677
Fax 615-297-6855
jhar401@comcast.net